L.B.F. 3015.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : | Case No.  22 - 13063 |
| Tyesha N. Pollard | : | (Chapter 13) |
| Debtor. | : |  |
|  | : | Hon. Eric L. Frank |
|  | : |  |

# Chapter 13  Plan

[x]    Original

[ ]         First Amended

Date:   December 12, 2022

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.

**Part 1: Bankruptcy Rule 3015.1(c) Disclosures**
 [x]    Plan contains non-standard or additional provisions - see Part 9
 [ ]    Plan limits the amount of secured claim(s) based on value of collateral - see Part 4
 [ ]    Plan avoids a security interest or lien - see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution - PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE**
 § 2(a)   Plan payments (For initial and Amended Plans):

   **Total Length of Plan: Sixty (60) months.**

  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $54,110.00.  Debtor shall pay the Trustee $901.83 per month for sixty (60).

[ ] Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** **Debtor shall make Plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):** .

**§ 2(c)** **Alternative treatment of secured claims**:
  [x] None.  If "None" is checked, the rest of § 2(c) need not be completed.
  [ ] Sale of real property
    See § 7(c) below for detailed description
  [ ] Loan modification with respect to mortgage encumbering property:
    See § 4(f) below for detailed description.

**§ 2(d)** **Other information that my be important relating to the payment and length of Plan**: .

**§ 2(e)** **Estimated Distribution**:

| | | | |
|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | |
| | 1. | Unpaid attorney's fees | $ 3,613.00 |
| | 2. | Unpaid attorney's costs | $ |
| | 3. | Other priority claims (e.g., priority taxes) | $ 3,200.00 |
| B. | Total distribution to cure defaults (§ 4(b)) | | $ |
| C. | Total distribution on secured claims (§ 4(c) & (d)) | | $18,683.28 |
| D. | Total distribution on unsecured claims (Part 5) | | $23,195.00 |
| | | Subtotal | $48,691.28 |
| E. | Estimated Trustee's Commission | | $ 5,418.72 |
| F. | Base Amount | | $54,110.00 |

**§ 2(f)** **Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**
  [x] **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $4,500.00, with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

**Part 3: Priority Claims**

§ 3(a)  **Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Ronald G. McNeil | | Counsel Fees  -  507(a)(2) | $4,000.00 |
| I.R.S. | | Certain Taxes  -  507(a)(8) | $3,200.00 |

§ 3(b)  **Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**
[x]   **None**.  If "None" is checked, the rest of § 3(b) need not be completed.
[ ]   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Creditor | Claim Number | Amount to be Paid by Trustee |
|---|---|---|
| | | |

**Part 4: Secured Claims**

§ 4(a)  **Secured Claims Receiving No Distribution from the Trustee:**
[x]   **None**.  If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| [ ] If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. | | |

**§ 4(b)  Curing default and maintaining Payments**

[x]   **None**.  If "None" is checked, the rest of § 4(b) need not be completed. The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if Real Property | Amount to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

**§ 4(c)  Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

[ ]   **None**.  If "None" is checked, the rest of § 4(c) need not be completed.

(1)   Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2)   If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3)   Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4)   In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation*.

(5)   Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be paid by Trustee |
|---|---|---|---|---|---|---|
| the City |  | 2227 Earp | $9,134.47 |  |  | $9,134.47 |
| the City |  | 309 Horton | $3,017.84 |  |  | $3,017.84 |
| One |  | 2004 Toyota | $6,531.00 |  |  | $6,531.00 |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

[x]  **None**. If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1)  The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2)  In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**§ 4(e) Surrender**

[x]  **None**. If "None" is checked, the rest of § 4(e) need not be completed.

(1)  Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2)  The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.

(3)  The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Claim Number | Secured Property |
|---|---|---|
|  |  |  |

**§ 4(f)  Loan Modification**
[x]     **None**.  If "None" is checked, the rest of § 4(f) need not be completed.

**Part 5: General Unsecured Claims**
  **§ 5(a)  Specifically classified allowed unsecured non-priority claims**
  [ ]     **None**.  If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
| A.E.S. |  | student loan | non-discharge | $0.00 |

  **§ 5(b)  Timely filed unsecured non-priority claims**
  (1)     Liquidation Test (check one box)
          [ ]     All Debtor property is claimed as exempt.
          [x]     Debtor has non-exempt property valued at $23,195.00 for purposes of § 1325(a)(4) and plan provides for distribution of $23,195.00 to allowed priority and unsecured general creditors.

  (2)     Funding: § 5(b) claims to be paid as follows (check one box):
          [ ]     Pro rata
          [x]     100%
          [ ]     Other (Describe)

**Part 6: Executory Contracts & Unexpired Leases**
  [x]     **None**.  If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Claim Number | Nature of Contract or Lease | Treatment by Debtor, pursuant to § 365(b) |
|---|---|---|---|
|  |  |  |  |

**Part 7: Other Provisions**
    **§ 7(a)  General principles applicable to the Plan**
(1)    Vesting of Property of the Estate (check one box)
        [x]    Upon confirmation
        [ ]    Upon discharge.
(2)    Subject to Bankruptcy Rule 3012 and 11 U.S.C. § 1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.
(3)    Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly.  All other disbursements to creditors shall be made by the Trustee.
(4)    If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the Court.

    **§ 7(b)  Affirmative duties on holders of claims secured by a security interest in Debtor's principal residence**
(1)    Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.
(2)    Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.
(3)    Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.
(4)    If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.
(5)    If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.
(6)    **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

    **§ 7(c)  Sale of Real Property**
[x]    **None**.  If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8: Order of Distribution

The order of distribution of Plan payments will be as follows:

| Level | Description |
|---|---|
| Level 1: | Trustee Commissions * |
| Level 2: | Domestic Support Obligations |
| Level 3: | Adequate Protection Payments |
| Level 4: | Debtor's attorney's fees |
| Level 5: | Priority claims, pro rata |
| Level 6: | Secured claims, pro rata |
| Level 7: | Specially classified unsecured claims |
| Level 8: | General unsecured claims |
| Level 9: | Untimely filed general unsecured non-priority claims to which Debtor has not objected |

*\* Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

[x]   None. If "None" is checked, the rest of § 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor is aware of, and consents to the terms of this Plan.

_____
Tyesha N. Pollard, Debtor
DATE: 12/13/2022

Respectfully submitted,

/s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor
DATE: December 12, 2022
1333 Race Street
Philadelphia, PA 19107-1585
(215) 564 - 3999 (t)
(215) 564 - 3537 (fx)
r.mcneil@verizon.net